WILLIAM S. WILLIAMS, Appellant, *v.* ROBERT LINDBLOM, Respondent, Impleaded with Others.

*Assessment of damages — affirmative claim by the defendant — reference — case to be made and settled — testimony to be signed and returned — foreign judgment, may be proved although not pleaded — evidence taken by a master in chancery is not a part of the record — presumption that the same rule prevails in a foreign State.*

An assessment of damages is reviewable on the merits only and not upon technical exceptions, and the record should contain the evidence.

In an action brought by one partner against another for an accounting in regard to partnership transactions the defendant set up an affirmative claim, and thereafter such proceedings were had that judgment absolute was rendered against the plaintiff in the Court of Appeals, and a referee was appointed to take and state an account of the affirmative claim of the defendant; the referee reported in favor of the defendant and a judgment was entered upon the report.

*Held,* that, if it was to be regarded as an appeal from a judgment, entered on the report of a referee appointed to hear and determine an action, it was necessary for the plaintiff, if he desired to review the judgment, to make a case and have it settled by the referee in conformity with section 997 of the Code of Civil Procedure;

That, if it was to be regarded as a reference, other than for the trial of the issues in an action, the testimony should be signed by the witnesses and should accompany the report of the referee, as provided by General Rule No. 30; and the testimony, if not given in full, should present the substance of that which was material.

Where one partner sues another for an amount alleged to be due him upon partnership transactions, and the defendant sets up a counterclaim and subsequently recovers judgment against the plaintiff in an action brought in another State for an accounting, to which all the partners were parties, the defendant need not plead the foreign judgment in bar by supplemental answer, but may use it in his action in the State of New York as evidence of the amount due him by the plaintiff.

Such a judgment rendered in another State binds the parties to it in an action brought in the State of New York by one partner to recover of another an amount alleged to be due by reason of the same transactions as those covered by the action in the foreign State.

Under the practice in the Court of Chancery, the evidence taken by a master in chancery formed no part of the judgment record, and the courts of the State of New York, in the absence of proof upon this point, will not presume that the rule is otherwise in another State where the chancery practice obtains.

APPEAL from an order entered March 11, 1895, confirming the report of a referee appointed June 18, 1894, to assess damages, and

from the judgment entered March 12, 1895, on said report and order.

This action was begun January 17, 1890, for an accounting between partners, and was referred to a referee to hear and determine. Upon his report, a judgment was recovered September 2, 1892, in favor of the plaintiff and against the defendant Robert Lindblom and Nathan G. Miller for $63,705.16, from which judgment Lindblom appealed to this court, where, March 27, 1893, the judgment was reversed, a new trial granted, and Adrian H. Joline appointed a referee to hear and determine the action. (68 Hun, 173.) May 5, 1893, the plaintiff appealed to the Court of Appeals from the order granting a new trial, giving the stipulation required by subdivision 1 of section 191 of the Code of Civil Procedure. June 5, 1894, the order was affirmed by the Court of Appeals and a judgment absolute rendered against the plaintiff, with costs. (142 N. Y. 682.) June 8, 1894, the judgment of the Court of Appeals was made the judgment of the Supreme Court. June 18, 1894, Adrian H. Joline was appointed a referee "to take and state an account upon the affirmative claim of said defendant against plaintiff as upon plaintiff's default, and to take such evidence and such proceedings herein as may be requisite to render effectual said judgment and report same to this court." November 2, 1894, the plaintiff moved in the Court of Appeals to be allowed to withdraw his appeal, or for a reargument of the case, which was denied. (143 N. Y. 675.)

The partnership out of which this litigation arose was formed June 21, 1883, by Robert Lindblom, Nelson Van Kirk, Nathan G. Miller and William S. Williams, who entered into a written contract by which they formed a limited partnership under the laws of the State of Illinois, under the firm name of Robert Lindblom & Co. The partnership was to begin July 1, 1883, and end June 30, 1885. It was provided that the principal office and place of business of the firm should be in Chicago, Ill., and that there should be a branch office in the city of New York. After the termination of the partnership, and on the 12th of March, 1886, Robert Lindblom began an equitable action in the Superior Court of Cook county, Illinois, in which action all of the partners appeared and answered. In this action a trial was had which resulted in a judgment, entered October

24, 1894, which adjudged and decreed, among other things, the following :

"It is, therefore, ordered, adjudged and decreed, that the defendants Nathan G. Miller and William S. Williams pay to the complainant, Robert Lindblom, the sum of twelve thousand four hundred and ten and $\frac{49}{100}$ dollars ($12,410.49) within three days from this date. That the said defendants, Nathan G. Miller and William S. Williams, pay to Robert Lindblom, as administrator of the estate of Nelson Van Kirk, deceased, the sum of four thousand one hundred and eighty and $\frac{99}{100}$ dollars ($4,180.99) within three days from this date.

"That the defendant Nathan G. Miller pay to the said William S. Williams the sum of seventeen thousand nine hundred and nine $\frac{10}{100}$ dollars ($17,909.10) within three days from this date. That all such sums so decreed to be paid as aforesaid shall bear lawful interest thereon from this day until paid.

"That the costs of this suit to be taxed by the clerk of this court to be paid by the said Nathan G. Miller and William S. Williams jointly, and in default of the said payments, as herein provided, that execution issue therefor."

On the assessment of the damages before the referee in the action at bar this judgment was offered and received in evidence.

January 22, 1895, the referee reported that Robert Lindblom was entitled to recover against the plaintiff $12,582.72. To this report the plaintiff filed exceptions, which were, March 11, 1895, overruled, the report confirmed, and on the next day a judgment was entered pursuant to said order. From this judgment and this order this appeal is taken.

*John Murray Mitchell,* for the appellant.

*Linus A. Gould,* for the respondent.

FOLLETT, J.:

The record on which we are asked to reverse the order of the Special Term confirming the referee's report and the judgment entered thereon is very defective. If, as the appellant insists, we are to review the judgment on the case containing exceptions as on appeal from a judgment entered on a report of a referee appointed to hear

.and determine an action, the answer is that a case has not been made and settled by the referee, as provided by section 997 of the Code of Civil Procedure.

" In references other than for the trial of the issues in an action * * * the testimony of the witnesses shall be signed by them, .and the report of the referee shall be filed with the testimony." (General Rule 30.)   The testimony contained in the record does not purport to have been signed by the witnesses, and, besides, the order .confirming the referee's report, and overruling the exceptions thereto, recites that it was made on the " testimony taken," and other papers not necessary to be referred to here.   At pages 190 and 191 of this record it appears that both parties read from the former appeal book a mass of testimony given by witnesses on the trial of the action.   None of this evidence is contained in the present record, the substance thereof is not stated, nor is any reason given why it is not contained in the record.   An assessment .of damages is reviewable on the merits only and not on technical .exceptions, and on a record like the one before us the merits cannot be reviewed.   Besides, on appeal from an order the record on which the order was made should be presented to this court, unless :some part of it is omitted by the sanction of the Special Term.   If we could overlook all of these defects and consider this case on the merits, we should find no ground for reversing the order and the judgment.   We agree with the learned referee that the Illinois judgment was binding on the parties, as to the state of the partnership accounts and as to the amount due by and to each partner. When this foreign judgment record was offered in evidence it was objected to by the plaintiff on the grounds: "(1) Not alleged in pleadings ; (2) not complete record."   The answer of defendant Lindblom in this action was verified April 2, 1890, more than two years before the recovery of the Illinois judgment, and he was not bound to plead it by a supplemental answer as a bar to this action, but had the right to use it as evidence of the amount due him so as to recover a judgment in this State for that amount.   There is no evidence before us that the exemplified copy is not a true copy of the whole of the judgment record.   The clerk of the court in which the judgment was recovered certifies " the above and foregoing to be a true, perfect and complete transcript of the record."   In

the master's report to the court it is recited that the testimony of certain witnesses and certain documentary evidence are "herewith returned as a part of this report." This is the omission of which the plaintiff complains. There is nothing to show that the evidence taken by the master in chancery, in an equitable action in Illinois, forms part of a judgment record in the action. Under the practice in the Court of Chancery in this State the evidence returned by the master and referred to in his report did not form part of the judgment record, and such is the rule in England, and so we think the plaintiff's exceptions to the admission of the judgment roll untenable.

It was proper to grant an additional allowance in this action. There had been a trial of the issues of fact, and when the judgment entered upon that trial was reversed, the question of costs was expresssly reserved to abide the final award of costs.

The orders of June 8 and of June 18, 1895, are not appealed from.

An examination of all of the plaintiff's exceptions leads us to the conclusion that they would be found to be without merit if they had been presented to us on a proper case, and that the result would have been the same as now.

The judgment and order should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment and order affirmed, with costs.